IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANI M. QUINTANA,

      Plaintiff,                    No. 2:09-cv-01056-KJN

    v.

COMMISSIONER OF SOCIAL         ORDER TO SHOW CAUSE
SECURITY,

      Defendant.
_____/

        Plaintiff, who is represented by counsel, filed her complaint and motion to proceed in this action in forma pauperis on April 17, 2009. (Dkt. Nos. 1, 2.) On April 20, 2009, this court granted plaintiff's motion to proceed in forma pauperis (Dkt. No. 5) and issued a scheduling order setting forth, among other things, a deadline by which defendant was required to file the administrative transcript and an answer or other response to plaintiff's complaint, and a deadline by which plaintiff was required to file a motion for summary judgment and/or remand. (Dkt. No. 6.) The scheduling order further provides: "The court will not contact counsel or the parties to remind them of these scheduling deadlines. Failure to adhere to the schedule outlined above may result in sanctions, including dismissal." L.R. 11–110. Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in dismissal for lack of prosecution. Fed. R. Civ. P. 41(b)." (Dkt. No. 6 at 4.)

        On September 16, 2009, defendant lodged the administrative transcript with the

1

court and filed an answer to plaintiff's complaint.  (Dkt. Nos. 14, 16.)

Pursuant to the court's scheduling order, plaintiff's motion for summary judgment would have been due on or before October 30, 2009.  Plaintiff failed to file a timely motion for summary judgment and, on January 12, 2010, filed a stipulation and proposed order seeking an extension until March 26, 2010 to file her motion.  (Dkt. No. 17.)  Plaintiff only cited her attorney's "extremely impacted briefing schedule" as a reason for the extension.  (Id. at 1.)  Nevertheless, the court granted the extension.  (Dkt. No. 19.)

Despite the generous extension, plaintiff failed to file a motion for summary judgment by March 26, 2010.  Instead, four days after the deadline, plaintiff filed a second stipulation and proposed order seeking an extension to file her motion for summary judgment on or before April 22, 2010, again citing plaintiff's attorney's "extremely impacted briefing schedule" as the basis for the extension.  (Dkt. No. 20.)  In the hopes of not prejudicing plaintiff due to her attorney's apparent workload, the court granted the extension.  (Dkt. No. 21.)

The April 22, 2010 deadline came and went, and the court's docket reveals that plaintiff has still not filed a motion for summary judgment.  Neither plaintiff nor her counsel has otherwise communicated with the court since the court approved the last stipulation.  Plaintiff has been given roughly five *extra* months in which to file a motion for summary judgment, but she and her counsel have demonstrated a clear inability to prosecute this action.

Accordingly, plaintiff is HEREBY ORDERED to show cause in writing, on or before May 12, 2010, why this case should not be dismissed for lack of prosecution and why plaintiff's counsel should not be sanctioned by the court for failure to adhere to the court's Local Rules and the orders entered in this case.  See Fed. R. Civ. P. 41(b); E. Dist. Local Rules 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal

Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.")

Failure by plaintiff and her attorney to file the required writing within the time provided will result in dismissal of this action. Moreover, plaintiff's counsel is cautioned that it will not be sufficient for plaintiff to merely file a late motion for summary judgment; she must file the required writing. Additionally, reliance on plaintiff's attorney's "extremely impacted briefing schedule" does not constitute sufficient cause to discharge this order and potential sanctions.

IT IS SO ORDERED.

DATED: April 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3