IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANI M. QUINTANA,

    Plaintiff,                    No. 2:09-cv-01056-KJN

    v.                            ORDER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

        On April 28, 2010, the court ordered plaintiff and her attorney, Ms. Bess M. Brewer, to show cause why plaintiff's complaint should not be dismissed, and why Ms. Brewer should not be sanctioned, for failure to prosecute the action. (Dkt. No. 22.) On May 12, 2010, Ms. Brewer filed a response to the order to show cause, which essentially stated that plaintiff's complaint should not be dismissed as a result of Ms. Brewer's neglect. (Dkt. No. 23.) Ms. Brewer also requested that the court not impose a monetary sanction on her for her "negligent but wholly inadvertent" failure to prosecute this case on her client's behalf. (Id. at 2.) Plaintiff filed a motion for summary judgment on May 13, 2010. (Dkt. No. 24.)[1]

        The undersigned will not dismiss this case for failure to prosecute and will deem

---

[1] Plaintiff's attorney incorrectly dated the motion for summary judgment "March 12, 2010." (Dkt. No. 24 at 32.)

1

plaintiff's motion for summary judgment timely filed as of the date of this order.  This is not a case where plaintiff should suffer for her attorney's inability to meet the court's deadlines, even when those deadlines have been generously extended.

Additionally, the undersigned will not impose a monetary sanction on Ms. Brewer despite her egregious failure to meet the deadlines imposed by the court or seek timely extensions of time.  The court understands the time burdens of briefing fact-intensive cases of the type at issue here.  Those burdens are heavy.  However, Ms. Brewer, who appears often before the undersigned and has demonstrated difficulty with meeting court-imposed deadlines and extensions of those deadlines, should not interpret the court's leniency in this instance as indicative of future results.  The undersigned is concerned that Ms. Brewer is using the orders to show cause entered by the court as a form of a calendaring system.  To the extent that is true, it is an unwise practice, and it would behoove Ms. Brewer to promptly remedy whatever is causing her repeated failures to meet court-imposed deadlines.  At a minimum, she should seek extensions of time as soon as the need for such an extension becomes apparent, and *before* the deadline at issue has expired.  See Local Rule 144(d).

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause entered April 28, 2010 (Dkt. No. 22) is discharged; and

2. Plaintiff's motion for summary judgment is deemed timely filed as of the date of this order, and the court's scheduling order is amended accordingly.

IT IS SO ORDERED.

DATED: May 19, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2