```
BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
THEOPHOUS H. REAGANS
Special Assistant United States Attorney

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8937
    Facsimile:  (415) 744-0134
    Theophous.Reagans@ssa.gov

Attorneys for Defendant
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| LANI M. QUINTANA,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. 2:09-CV-1056 KJN<br><br>STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

   IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND, ONE-HUNDRED DOLLARS AND NO CENTS ($5,100.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

   After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department

of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Dated: December 20, 2010          */s/ Bess M. Brewer*
                                  *(As authorized via email)*

                                  BESS M. BREWER
                                  Attorney for Plaintiff

                                  BENJAMIN B. WAGNER
                                  United States Attorney

Dated: December 20, 2010     By:  */s/ Theophous H. Reagans*
                                  THEOPHOUS H. REAGANS
                                  Special Assistant United States Attorney

Pursuant to the parties' Stipulation, IT IS HEREBY ORDERED that plaintiff shall be awarded attorney fees in the amount of FIVE THOUSAND, ONE-HUNDRED DOLLARS AND NO CENTS ($5,100.00), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation.

////

////

////

IT IS SO ORDERED.

DATED: December 21, 2010

_____

KENDALL J. NEWMAN

UNITED STATES MAGISTRATE JUDGE